IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD DARREL TAYLOR, | § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:19-cv-1764-K-BN |
| ACADEMIC PARTNERSHIPS, LLC, ET AL., | § § § § | |
| Defendants. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

Plaintiff Reginald Darrel Taylor filed a *pro se* action in state court against his former employer, Defendant Academic Partnerships, LLC, and others. *See* Dkt. No. 1-6. Academic Partnerships answered in state court, *see* Dkt. No. 1-8, and then removed to federal court, *see* Dkt. No. 1.

This action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

Taylor now moves for sanctions under Federal Rule of Civil Procedure 11 against Academic Partnerships; Salman Meherali, also a named defendant; and their counsel, Carrie B. Hoffman based on this action's removal to federal court. *See generally* Dkt. No. 41; *see also id.* at 5 ("Plaintiff respectfully files this Motion for Rule 11 Sanctions, after allotting considerable time for adverse counsel to revise Notice of Removal and Notice of Filing of Removal or comments held wherein. Specifically, the above

referenced [filings] were not filed in good faith, and was filed with intentions to hinder, deter, or intimidate pro se Plaintiff from moving forward with civil litigation.").

Rule 11 authorizes a court to impose sanctions on a party who files a pleading for an improper purpose, such as to harass the opposing party, delay the proceedings, or increase the expense of litigation. *See* FED. R. CIV. P. 11(b), (c). Sanctions under Rule 11 may be appropriate if the Court finds that a document has been presented for an improper purpose, *see* FED. R. CIV. P. 11(b)(1); the claims or defenses of the signer are not supported by existing law or by a good-faith argument for an extension or change in existing law, *see* FED. R. CIV. P. 11(b)(2); or the allegations and other factual statements lack evidentiary support or are unlikely to do so after a reasonable opportunity for investigation, *see* FED. R. CIV. P. 11(b)(3). The purpose of the rule is to "deter baseless filings in district court," *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990), and "to spare innocent parties and overburdened courts from the filing of frivolous lawsuits," *Cappa Fund III, L.L.C. v. Actherm Holding, A.S.*, No. 3:10-cv-897-L, 2011 WL 817384, at *2 (N.D. Tex. Feb. 21, 2011) (quoting *Kurkowski v. Volcker*, 819 F.2d 201, 204 (8th Cir. 1987)), *rec. adopted*, 2011 WL 816861 (N.D. Tex. Mar. 9, 2011).

As Taylor admits in his Rule 11 motion, he "sued defendant[s] for negligent acts or omissions, in which were violations of [multiple federal statutes]." Dkt. No. 41 at 2; *see also* Dkt. No. 1-6 (state court petition), ¶ 4.1.1 (alleging that he was "wrongfully discharg[ed] in retaliation for the complaint filed with the [EEOC]"), ¶ 9.1 (alleging that the defendants "disregard[ed]" the "Civil Rights [Act] of 1964").

And Academic Partnerships removed this action on the admitted basis of federal question jurisdiction. *See* Dkt. No. 1 at 3; *see also* 28 U.S.C. § 1331.

Thus, "even if [Taylor's] motion were procedurally correct, given ... the fact that there is authority ... that supports removal, the court cannot conclude that Rule 11 sanctions should be imposed." *In re Enable Commerce, Inc.*, 256 F.R.D. 527, 533 (N.D. Tex. 2009) (noting that there – unlike here – the authority supporting removal was distinguishable and not controlling; footnote omitted); *cf. Melinder v. Ocwen Loan Servicing, LLC*, Civ. A. No. G-09-190, 2009 WL 10711724, at *5 (S.D. Tex. Nov. 23, 2009) ("[T]here was no factual or legal basis for the removal of this case and; hence, removal was unreasonable and improper and volitive of FRCP, Rule 11." (citing *Garcia v. Amfels, Inc.*, 254 F.3d 585, 587 (5th Cir. 2001))).

The Court should therefore deny the motion for Rule 11 sanctions.

## Recommendation

The Court should deny Plaintiff Reginald Darrel Taylor's Federal Rule of Civil Procedure 11 motion for sanctions against Academic Partnerships, Salman Meherali, and Carrie B. Hoffman [Dkt. No. 41].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and

specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 13, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE