IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REGINALD DARRELL TAYLOR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-1764-K-BN |
| | § | |
| ACADEMIC PARTNERSHIPS LLC, | § | |
| ET AL., | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Reginald Darrel Taylor filed a *pro se* action in state court against his former employer, Defendant Academic Partnerships, LLC ("AP"), and others. *See* Dkt. No. 1-6. AP answered in state court, *see* Dkt. No. 1-8, and then removed to federal court, *see* Dkt. No. 1. After removal, Taylor's lawsuit was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade.

The Court dismissed all but the retaliation claim in Taylor's initial complaint without prejudice to his filing an amended complaint. *See Taylor v. Academic P'ships, LLC*, No. 3:19-cv-1764-K-BN, 2019 WL 6619808 (N.D. Tex. Nov. 5, 2019), *rec. accepted*, 2019 WL 6619385 (N.D. Tex. Dec. 4, 2019) ("*Taylor I*").

Taylor then filed an amended complaint against AP, adding an additional defendant, Arkansas State University. *See* Dkt. No. 77. AP moved to dismiss the claims asserted against it in the amended complaint under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. Nos. 81 & 82. Taylor responded. *See* Dkt. No. 93. And AP

replied. *See* Dkt. No. 94. Taylor then filed an opposed motion for leave to supplement his amended complaint. *See* Dkt. Nos. 110-114, 126, 128-130.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should grant AP's motion to dismiss the amended complaint, deny Taylor's motion for leave to supplement, and dismiss this action with prejudice.

## Applicable Background

The Court set out the applicable background in *Taylor I*. *See* 2019 WL 6619808, at *1-*2. The parties are familiar with it, and it need not be repeated now. But, as an initial mater, the facts alleged in the amended complaint are materially different than those previously alleged, so much so that the retaliation claim that the Court previously found to be plausible has not been reasserted in the amended complaint. And the amended complaint neither "specifically refers to" nor "adopts or incorporates by reference" the initial complaint. *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (per curiam) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir. 1985)). As such, the previous version of the retaliation claim has been abandoned: "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *Id.* (citation omitted).

## Legal Standards

As explained in *Taylor I*, although AP has filed a motion to dismiss the claims asserted against it, the Court, under its screening authority, may also consider the

factual plausibility of all claims that Taylor asserts in the amended complaint.

> This additional consideration by the Court at this stage is justified because, although Academic Partnerships paid the filing fee to remove this action to federal court, the state court granted Plaintiff leave to proceed *in forma pauperis* ("IFP") when he filed his petition there. *See* Dkt. No. 1-4 at 4-6; Dkt. No. 1-5; Dkt. No. 1-6 at 9. Such a posture allows the federal court to screen a plaintiff's claims under 28 U.S.C. § 1915(e)(2)(B), even after a fee-paid removal. *See, e.g., Phillips v. City of Dallas*, No. 3:14-cv-3131-M, 2015 WL 233336, at *4 (N.D. Tex. Jan. 14, 2015) ("As this Court, among others, has recognized, Section 1915(e)(2)(B) applies to complaints, like Plaintiff's, 'that were originally filed IFP in state court and removed to federal court.'" (quoting *Tsuchiya v. Texas*, No. 4:14-cv-64-O, 2014 WL 1329127, at *1 (N.D. Tex. Mar. 5, 2014), *rec. adopted*, No. 4:14-cv-64-O, Dkt. No. 21 (N.D. Tex. Apr. 1, 2014); citation omitted)), *appeal dismissed*, 644 F. App'x 368 (5th Cir. 2016) (per curiam). As Section 1915(e)(2)(B) provides, "the court shall dismiss the case *at any time* if the court determines that ... the action ... is frivolous [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B) (emphasis added).

*Taylor I*, 2019 WL 6619808, at *4.

The applicable statutory screening language, Section 1915(e)(2)(B)(ii) (Does the complaint fail to state a claim on which relief may be granted?), "tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). And dismissal for failure to state a claim under either provision "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the IFP statute nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims

asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* So "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*,

556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). But "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a pro se plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.'" *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009)). But leave to amend is not required where an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion," *Stem v. Gomez*, 813 F.3d 205, 215-16 (5th Cir. 2016) (quoting

*Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)), or where a plaintiff has already amended his claims, *cf. Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

## Analysis

Taylor's amended complaint consists of seven pages of allegations and 57 pages of attachments. But, just as the Court has no duty to liberally construe a *pro se* plaintiff's complaint to "create causes of action where there are none, *Smith*, 2013 WL 2291886, at *8, it also "need not sift through exhibits attached to the plaintiff's complaint in order to determine what, if any, basis exists for the plaintiff's claims against the defendants," *Jones*, 2017 WL 712755, at *1 (citing *Jackson v. Lawrence Corr. Ctr. Health Care*, No. 15-cv-00082-JPG, 2015 WL 603853, at *2 (S.D. Ill. Feb. 12, 2015)).[1]

---

[1] *See also Osahar v. United States Postal Serv.*, 297 F. App'x 863, 864 (11th Cir. 2008) (per curiam) ("Osahar contends that the exhibits to his complaint clarify his arguments, but to force the parties and the court to sift through an additional 100 pages of letters, reports, and contracts would frustrate the purpose of Rule 8(a)(2). Despite the leniency afforded pro se plaintiffs, the district court does not have license to rewrite a deficient pleading." (citation omitted)); *Valdivia v. Tampkins*, No. EDCV 16-1975 JFW(JC), 2016 WL 7378887, at *7 (C.D. Cal. Dec. 19, 2016) ("To the extent plaintiff suggests that he has stated a Section 1983 claim merely by referencing exhibits he attached to the Complaint, he is incorrect. It is not the Court's responsibility to sift through plaintiff's multiple exhibits in an attempt to glean whether plaintiff has an adequate basis upon which to state any other claim for relief." (citations omitted)).

The allegations in the amended complaint are predominantly conclusory or just legal conclusions. For example, AP "failed to adhere to Title VII by subjecting the Plaintiff to discriminatory acts or commission which failed to provide 'P' with equal employment, equal enforcement of company policy, a safe, and non-hostile work environment, and failed to take tangible action to remedy 'P's' internal complaint." Dkt. No. 77 at 4; *see also, e.g., id.* ("Lastly, the company and managers acting in the Interest of the company retaliated against employee causing the loss of wage, intimidation w/ lawful [indecipherable] that subject plaintiff to mental anguish, pain and suffering by the company's failure to act, properly investigate grievances, question witnesses, etc. The company constantly denied adequate medical accommodation."); *id.* at 5 (AP "and partner Arkansas State University discriminated against the Plaintiff by allowing the actions or negligent omissions of direct supervisors, senior, and corporate level managers acting in the interest of the defendants 'directly and indirectly.' The 'direct and indirect' acts or omissions ranged from, but is not limited to, paying him considerably less than employees, managers, etc. lacking a degree or professional experience, thus not meeting the requirements for the position held….").

Such conclusory assertions and legal conclusions should not be accepted as true and thus "do not prevent dismissal." *Amazon Tours, Inc. v. Quest Global Angling Adventures, L.L.C.*, No. 3:03-cv-2551-M, 2004 WL 1788078, at *1 (N.D. Tex. June 30, 2004) ("When considering a motion to dismiss, the Court accepts as true all well-pled allegations in the Complaint and views them in the light most favorable to the

plaintiff. However, conclusory allegations or legal conclusions set forth as factual allegations will not prevent dismissal." (citations omitted)); *see also Iqbal*, 556 U.S. at 679 ("[P]leadings that ... are no more than conclusions ... are not entitled to the assumption of truth. [And, w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

So, focusing on the factual allegations contained in the body of the complaint that go further than stating conclusions not supported by some facts, Taylor alleges

- Related to his internal complaint, "[t]he Human Resources Manager, Jennifer Shelton, used deceptive business practices following her colleagues['] completion of the investigation and abused her authority." Dkt. No. 77 at 4.

- AP took "'no tangible' [ ] to remedy Plaintiff's grievances, whether external or internal, failure to provide reasonable medical accommodation after the serious medical injuries resulting from his October 2018 motor vehicle accident." *Id.* at 5.

- AP failed to modify Taylor's "scheduled working hours" to allow "him to go to scheduled Chiropractor's appointments, but modified the schedules of two of his members of Caucasian and possibly Hispanic descent. During a conversation with Human Resource personnel, it was alleged that [these two alleged comparators were] allowed reasonable medical accommodation because they submitted the proper documents from a physician, as if Plaintiff did not submit similar documentation during the month of November 2018." *Id.* at 6.

- Taylor also seems to allege that AP "used deceptive business practices by alleging that there was no evidence to support [his] claims of discrimination, harassment, etc. despite Tena Bracy stating and concluding otherwise following a medication and internal investigation" and that, "[d]uring the course of investigation the numerous requests to work from home the company granted the requests to work from home of other employees." *Id.*

Among other laws, Taylor invokes as a basis for jurisdiction multiple federal statutes that protect employees from discrimination and retaliation, including Title

VII of the Civil Rights Act of 1964; the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"); and the Family and Medical Leave Act, 29 U.S.C. § 2601, *et seq.* ("FMLA"). *See* Dkt. No. 77 at 3.

Stating a discrimination claim under these and other similar statutes requires Taylor to allege the following *prima facie* elements: that he

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citing *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005)).

And, "[i]n the retaliation context, a *prima facie* case requires a showing that (1) [the plaintiff] engaged in a protected activity pursuant to one of the statutes, (2) an adverse employment action occurred, and (3) there exists a causal link connecting the protected activity to the adverse employment action." *Munoz v. Seton Healthcare, Inc.*, 557 F. App'x 314, 321 (5th Cir. 2014) (citation omitted).

Regarding such claims, the United States Court of Appeals for the Fifth Circuit has cautioned that a plaintiff need not make a showing of each prong of the *prima facie* test at the pleading stage. *See Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-12 (2002)). But this authority "does not exempt [Taylor] from alleging facts sufficient to establish the elements of [his] claims." *Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) (citing *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (per curiam) ("Although [the plaintiff] did not have to submit evidence to

establish a prima facie case of discrimination at [the motion to dismiss] stage, he had to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." (citations omitted))).

So, under both Section 1915(e)(2)(B)(ii) and Rule 12(b)(6), the Court must first ask whether Taylor has provided enough facts to allege that he suffered actionable discrimination or retaliation in the workplace. *See Swierkiewicz*, 534 U.S. at 512-13. And, if he "has not pled such facts," it is "proper[ to] dismiss [his amended] complaint." *Meadows*, 731 F. App'x at 318; *see also Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766-67 (5th Cir. 2019) (noting that the district court's "task is to identify the ultimate elements of [the applicable employment-related] claim and then determine whether the" plaintiff has pled those elements but that a "district court err[s if it] require[es a plaintiff] to plead something beyond those elements to survive a motion to dismiss").

Setting aside Taylor's reasonable accommodation claim(s) for the moment, no fact asserted in support of his other claims shows that he suffered an adverse action <u>because of</u> a protected status. And, as the Court noted in dismissing the Title VII claim in his initial complaint, "there are only 'two ultimate elements a plaintiff must plead to support a disparate treatment claim under Title VII: (1) an "adverse employment action," (2) taken against a plaintiff "*because* of [his] protected status."'" *Taylor I*, 2019 WL 6619808, at \*4 (quoting *Cicalese*, 924 F.3d at 767; *see id.* at \*5 (Taylor's "accusations simply cannot be described as discriminatory because they do not show that plaintiff was being singled out because of a protected status. In fact,

Plaintiff fails to proffer any facts demonstrating the existence of comparable employees who were treated differently than him in any respect. As a result, Plaintiff's complaint, taken as true and viewed in the light most favorable to him, does not plausibly allege a discriminatory motive."); *cf. id.* at *6 (As to the ADA discrimination claim, Taylor "has not asserted that he is limited by any sort of disability, nor that his employer treated him as a disabled person so as to trigger liability under the ADA. Absent plausible allegations that he may correctly be classified as a 'qualified individual' under the statute, Plaintiff cannot establish a plausible claim for failure to accommodate against any of the defendants, whether precluded from the imposition of individual liability or not.").

Turning to the reasonable accommodation claim(s), Taylor seems to allege that AP failed to modify his schedule to allow him to attend chiropractor appointments while it modified the schedules of other employees. Whether these allegations are interpreted as a failure to accommodate claim under the ADA or a retaliation claim under the ADA, they fail to allege a plausible cause of action.

> To establish a failure to accommodate claim, plaintiff must prove that: (1) he is a "qualified individual with a disability;" (2) the disability and its consequential limitations were "known" by the covered employer; and (3) the employer failed to make "reasonable accommodations" for such known limitations. *See Feist v. Louisiana, Dep't of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013). As stated above, plaintiff is a qualified individual with a disability. However, plaintiff has not established that his disability and its limitations were "known" by the defendant. The Fifth Circuit has held that "where the disability, resulting limitations, and necessary reasonable accommodations, are not open, obvious, and apparent to the employer, the initial burden rests primarily upon the employee ... to specifically identify the disability and resulting limitations, and to suggest the reasonable accommodations." *See Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 224 (5th Cir. 2011).

> Once an individual with a disability makes such a request, then the "appropriate reasonable accommodation is best determined through a flexible, interactive process that involves both the employer and the qualified individual with a disability." *See Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 165 (5th Cir. 1996) Therefore, it is the employee's initial request that triggers the employer's obligation to engage in this interactive process. "If the employee fails to request an accommodation, the employer cannot be held liable for failing to provide one." *Id.*

*Brown v. Transdev Sevs., Inc.*, Civ. A. No. 18-2490, 2019 WL 585295, at *4 (E.D. La. Feb. 13, 2019).

Unlike Brown, Taylor fails to allege facts to show that he is a "qualified individual with a disability."[2] But, like Brown, Taylor fails to allege that, even if qualified, AP knew this. As such, he has not alleged a plausible ADA failure to accommodate claim.

These pleading deficiencies further demonstrate why Taylor has not alleged a plausible ADA retaliation claim. *Cf. Tabatchnik v. Continental Airlines*, 262 F. App'x 674, 677 (5th Cir. 2008) (per curiam) ("Because Tabatchnik has not shown that he had a good faith belief that he was disabled or perceived as disabled, his request for

---

[2] *See* 42 U.S.C. § 12102(1) (defining "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment"); 29 C.F.R. § 1630.2(j)(1)(ii) ("An impairment is a disability within the meaning of this section if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting. Nonetheless, not every impairment will constitute a disability within the meaning of this section."); *Marecheau v. Equal Emp't Practices Comm'n*, No. 13-CV-2440 (VEC), 2014 WL 5026142, at *6 (S.D.N.Y. Sept. 30, 2014) ("Not every illness, condition or impairment constitutes a disability within the meaning of the ADA." (citing Section 1630.2(j)(1)(ii))).

an accommodation cannot be considered protected by the ADA. *See Standard v. A.B.E.L. Servs.*, 161 F.3d 1318, 1328-29 (11th Cir. 1998) (holding that employee's requests for accommodation did not constitute protected activity because the evidence did not demonstrate that he had a reasonable, good faith belief that he was disabled or perceived as disabled). Tabatchnik thus has failed to satisfy the first element of his prima facie case of retaliation. His retaliation claim fails.").

And they show that, to the extent that Taylor may allege a claim of discrimination based on the ADA, why that claim is also not factually plausible. *See, e.g., Diggs v. Burlington N. & Santa Fe Ry. Co.*, 742 F. App'x 1, 3 (5th Cir. 2018) (per curiam) ("A *prima facie* case [of disability discrimination] under the ADA requires: (1) that the plaintiff has a disability; (2) that he was qualified for the job; and (3) that the employer's adverse employment decision was a result of his disability." (citation omitted)).

Similarly, to the extent that these allegations are intended to bring a claim under the FMLA, "[t]he FMLA protects employees from interference with their leave, as well as discrimination or retaliation for exercising their rights." *Comeaux-Bisor v. YMCA of Greater Houston*, 290 F. App'x 722, 724 (5th Cir. 2008) (per curiam) (citing 29 U.S.C. §§ 2615(a)(1)-(2)). A required element of an FMLA claim, whether for interference, discrimination, or retaliation, is that the employee was protected under the FMLA or eligible for that protection. *See id.* at 724-25 (discrimination or retaliation); *Caldwell v. KHOU-TV*, 850 F.3d 237, 245 (5th Cir. 2017) (noting that the first element of an FMLA interference claim is that the plaintiff "was an eligible

employee" (citation omitted)). Taylor alleges no facts to support this element. He has therefore failed to allege a plausible FMLA claim.

In sum, Taylor's

> second amended complaint [is] no better than its predecessor and failed to correct any of the deficiencies noted by the court. As the [United States Court of Appeals for the] Seventh Circuit so aptly stated:
>> Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud. Federal judges have better things to do, and the substantial subsidy of litigation ... should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim.
>
> Where, as here, a plaintiff has been given leave to file a second amended complaint that meets the requirements of Rule 8(a) and fails to do so, the case should be dismissed.

*Hall v. Civil Air Patrol, Inc.*, 193 F. App'x 298, 299-300 (5th Cir. 2006) (per curiam) (quoting *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)).

Finally, through the motion for leave to supplement [Dkt. No. 110], Taylor requests leave to reinsert claims against his fellow employees. The Court previously dismissed the exact (or structurally similar) claims. *See Taylor I*, 2019 WL 6619808, at *3-*4. And Taylor again fails to offer facts to support any contention that these individuals qualify as his employer.

The Court should therefore grant the motion to dismiss, deny Taylor's motion for leave to supplement, and, under Rule 12(b)(6) and Section 1915(e)(2)(B), dismiss the claims asserted in the amended complaint – and thus this action – with prejudice.

## Recommendation

The Court should grant Defendant Academic Partnerships, LLC's motion to

dismiss Plaintiff Reginald Darrel Taylor's amended complaint [Dkt. No. 81], deny Taylor's motion for leave to supplement his amended complaint [Dkt. No. 110], and dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 17, 2020

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE